IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-30960 (jpn)** |
| **Sourcewater, Inc.** *dba* **Sourcenergy,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | **Subchapter V** |

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Sourcewater, Inc. d/b/a Sourcenergy ("**Debtor**") and files this *Emergency Motion for Authority to Use Cash Collateral pursuant to 11 U.S.C. §363* ("**Motion**") and in support represents as follows:

## JURISDICTION AND VENUE, AND CONSTITUTIONAL AUTHORITY

1. The United States Bankruptcy Court for the Southern District of Texas ("**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

*Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 ("**Amended Standing Order**").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges,* General Order 2012-6 (S.D. Tex. May 24, 2012). This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 of title 11 of the Bankruptcy Code,[1] and Rules 2002, 2014, and 4001 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules.[2]

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. The Debtor is a Delaware corporation registered as a foreign entity in Texas and provides software solutions for geospatial energy and water intelligence for the upstream oil and gas industry. The Debtor applies artificial intelligence, machine learning and data fusion to daily satellite, geolocation, regulatory and other big data to gather, analyze and visualize upstream energy and water activity earlier, more accurately and more completely than other sources. Competitors infringing on the Debtor's intellectual property have decimated its business lines. The Debtor's most valuable assets are its patents and significant causes of action against competitors.

6. On March 17, 2023 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

7. In anticipation of the filing of a Petition under Chapter 11 of the Bankruptcy Code, the undersigned counsel for Sourcewater, Inc., d/b/a Sourcenergy ("**Debtor**") performed a search for UCC-1

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.
[2] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

filings for the Debtor to confirm the secured creditor pool and to determine whether a Motion to Utilize Cash Collateral was necessary in this bankruptcy case. The undersigned hereby certifies that, as of the date hereof, there is one UCC-1 in Texas, attached hereto as **Exhibit B** ("**SBA UCC**").[3] The SBA UCC collateralizes the Debtor's cash for the Small Business Administration ("**SBA**"). The Debtor is also aware of two UCC-1 filings in Delaware: (1) a financing statement filed by Energy Debt Holdings LLC attached hereto as **Exhibit C**; and (2) a financing statement filed by Joshua Adler, the Debtor's principal attached hereto as **Exhibit D**. The SBA's interests are senior to those of Energy Debt Holdings LLC ("**EDH**") and Mr. Adler ("**Adler**"). Accordingly, a cash collateral motion is being filed.

8. The SBA's role is self explanatory—they provided a SBA loan to the Debtor. Jay "North" Whipple is EDH's principal. Mr. Whipple is a major investor of the Debtor and a former board member. EDH's attempts to enforce its maturity default caused this bankruptcy filing. Mr. Adler is the Debtor's principal and founder. His security interest is subordinate to that of EDH and the SBA.

9. The Debtor has a current cash balance of $7,729.83.

10. To conduct itself in the ordinary course of business, Debtor must have access to the cash collateral.[4]

11. The Debtor developed a 30-Day Projection/Budget, which is representative of ongoing operations for the business. Debtor expects to disburse $17,194.32 over the course of this budget. Debtor expects to generate an estimated $11,174.46 during this same period.[5]

---

[3] The Debtor has knowledge that there are additional subordinated security agreements or similar security instruments filed in Delaware, but search results are still pending (such parties are collectively, "**Potential Secured Parties**")

[4] *See* **Exhibit A**, 30-Day Budget, attached. Exhibit A is a 14-day and 30-day budget for the Debtor showing projected income and expenses. The amounts listed are reasonable and good faith estimations of what the Debtor needs to spend each month to continue the operations of its business and reorganize.

[5] *Id.*

12. The Debtor requests permission to utilize the cash collateral during the period subsequent to this interim period and before confirmation of a plan to continue running the business and preserve value for the estate.

13. If Debtor is not granted permission to use cash collateral immediately, irreparable harm will result to Debtor's ability to operate.  Failure to maintain operations will result in the diminution of estate assets, otherwise necessary to the ongoing business of the Debtor.

## **RELIEF REQUESTED**

14. Section 363(c)(2)(B) of the Bankruptcy Code, provides the Court authority to authorize the use of cash collateral after notice and a hearing.  Additionally, § 363(e) only requires the Court condition such use to provide adequate protection to the SBA, EDH and Adler's interests in the cash collateral.

15. Debtor requests authority to use the cash collateral for expenses set forth on **Exhibit A** and any other unforeseeable expenses that may arise and pose a threat to Debtor's continued operations.  Specifically, Debtor requests authority to pay up to 110% of each expense in **Exhibit A**, so long as the total of cash collateral spent during the month does not exceed by more than 5% of that month's total on **Exhibit A**.

16. Further, under Rule 4001(b), the Court may conduct a preliminary hearing and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm pending a final hearing.  Debtor requests such emergency approval of the interim use of cash collateral arising from the receipts from the current cash available and anticipated collection of any accounts receivable.  Debtor needs use of the cash collateral immediately to continue its business operations toward the ultimate goal of a successful chapter 11 reorganization.  Without immediate

use of cash collateral, Debtor will suffer immediate and irreparable harm because it will be unable to meet ongoing operational expenses.

17. Debtor requests a prompt final hearing on the use of cash collateral.

18. Debtor proposes to grant all parties replacement liens as adequate protection pursuant to 11 U.S.C. § 361.

## EMERGENCY CONSIDERATION

19. The Debtor requests this Court schedule an emergency preliminary hearing to consider authorizing Debtor's interim use of cash collateral in accordance with Rule 4001(b)(2). If Debtor is not immediately authorized to use its cash collateral pending a final hearing, Debtor may be unable to meet its ongoing operational expenses and its estate will suffer immediate and irreparable harm.

20. Emergency consideration is necessary to authorize immediate disbursements. Further, § 363(c)(3) authorizes prompt consideration of this matter.

## NOTICE

21. No examiner or creditors' committee has been appointed in the Debtor's Chapter 11 case. Notice of this Motion has been provided to the United States Trustee, through Attorney Jana Whitworth, Tom Howley, the proposed Subchapter V Trustee upon appointment, the Twenty Largest Unsecured Creditors and all parties who requested special notice. Further, counsel for the Debtor reached out to counsel for the SBA and counsel for EDH in advance of filing this Motion. Debtor submits no further notice is necessary.

Dated: March 20, 2023

**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Counsel for Debtor*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20, 2023, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and on the twenty largest unsecured creditors via first-class, postage pre-paid United States mail. In addition, service was made via email on the following parties:

| | | |
|---|---|---|
| United States Trustee | Jana Whitworth | jana.whitworth@usdoj.gov |
| Proposed Subchapter V Trustee | Tom Howley | tom@howley-law.com |
| Counsel for SBA | Chad Cowan | Chad.Cowan@usdoj.gov |
| Counsel for EDH | Jay Griffin | jgriffin@HartzogLaw.com |

*/s/ Jarrod B. Martin*
Jarrod B. Martin