IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 23-30960 (jpn) |
| Sourcewater, Inc. *dba* Sourcenergy, | § § | Chapter 11 |
| Debtor. | § § | Subchapter V |

**DEBTOR'S MOTION FOR POST-PETITION MONTHLY RETAINER PAYMENTS**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE OUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Sourcewater, Inc. d/b/a Sourcenergy, ("**Debtor**"), as debtor and debtor-in-possession, files this *Motion for Order Establishing Procedures for Interim Compensation of Professionals* ("**Interim Compensation Motion**") and in  support thereof shows:

### JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges,* General Order 2012-6 (S.D. Tex. May 24, 2012). This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 327, 328,

and 363 of the Bankruptcy Code,[1] and Rules 2002, 2014, and 4001 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules.[2]

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The compensation of estate professionals concern the administration of this bankruptcy estate and are core matters under the Bankruptcy Code. There is no equivalent in state law for the relief sought, thereby rendering the Supreme Court's opinion in *Stern v. Marshall*[3] inapplicable. In the alternative, all the matters addressed in this Interim Compensation Motion are essential bankruptcy matters which trigger the public rights exception.[4]

## BACKGROUND

5. The Debtor filed its bankruptcy case ("**Case**") under Chapter 11 of the Bankruptcy Code on March 17, 2023 ("**Petition Date**"), and made its election under Subchapter V of the Code ("**Subchapter V**").[5] As a result, a Subchapter V Trustee ("**Trustee**") will be appointed.

6. The Debtor is a Delaware corporation registered as a foreign entity in Texas and provides software solutions for geospatial energy and water intelligence for the upstream oil and gas industry. The Debtor applies artificial intelligence, machine learning and data fusion to daily satellite, geolocation, regulatory and other big data to gather, analyze and visualize upstream energy and water activity earlier, more accurately and more completely than other sources. Competitors infringing on the Debtor's intellectual property have decimated its business lines. The Debtor's most valuable assets are its patents and significant causes of action against competitors.

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.
[2] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[3] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S. D. Tex. 2012) (discussing *See Stern v. Marshall*, 564 U.S. 462 (2011)).
[4] *Id.*
[5] ECF No. 1.

7. The Debtor continues to manage and operate its business as a Debtor-in-Possession pursuant to § 1184 of the Bankruptcy Code.

8. The Debtor respectfully requests the entry of an order, pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, establishing procedures for post-petition retainer payments of $1,000 monthly to the Trustee. These funds can only be applied by the Trustee upon an entry of an Order by this Court awarding compensation and expenses to the Trustee.

9. This motion is to help minimize impact of any fee award to the Trustee in this case so that Debtor has these funds already set aside

WHEREFORE, Debtor requests that this Court enter an Order approving post-petition monthly retainer payments to the Trustee; and for such other and further relief as the Court may deem just and proper.

Dated: March 20, 2023

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Proposed Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 20, 2023, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and on the twenty largest unsecured creditors via first-class, postage pre-paid United States mail.

*/s/ Jarrod B. Martin*
Jarrod B. Martin