IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-30960 (jpn) |
| Sourcewater, Inc. *dba* Sourcenergy, | § | |
| | § | **Chapter 11** |
| Debtor. | § | **Subchapter V** |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> <span style="color:red">**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**</span>
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Sourcewater, Inc. d/b/a Sourcenergy, ("**Debtor**"), as debtor and debtor-in-possession, files this files this *Emergency Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing* ("**Motion**") in the amount of $100,000 pursuant to § 364 of the Bankruptcy Code.

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and the general "catch–all" language of 28 U.S.C. § 157(b)(2).

2. The statutory and procedural bases for the relief requested herein are §§ 105, 362, 363, and 364 of the Bankruptcy Code,[1] Rules 2002, 4001, 6004, and 9014 and Rules 2002, 4001, and 9013 of the Bankruptcy Local Rules for the Southern District of Texas.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Post-petition financing concerns the administration of this bankruptcy estate and is a core matter under the Bankruptcy Code. There is no equivalent in state law for the relief sought, thereby rendering the Supreme Court's opinion in *Stern v. Marshall*[2] inapplicable. In the alternative, all the matters addressed in this Motion are essential bankruptcy matters, which trigger the public rights exception.[3]

## BACKGROUND

5. Debtor filed its bankruptcy case ("**Case**") under Chapter 11 of the Bankruptcy Code

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise. Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

[2] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S. D. Tex. 2012) (discussing *See Stern v. Marshall*, 564 U.S. 462 (2011)).

[3] *Id.*

on March 17, 2023 ("**Petition Date**"), and made its election under Subchapter V of the Code ("**Subchapter V**").[4]

6. The Debtor is a Delaware corporation registered as a foreign entity in Texas. The Debtor does business as Sourcenergy, who gathers, analyzes and visualizes surface and subsurface energy and water activity. The Debtor holds various patents for such work. It offers GIS tools to upload, plan, manage and share projects in their complete, current, accurate upstream energy context. The Debtor also offers a geoscience platform for saltwater disposal design, optimization, and induced seismicity risk analytics. The Debtor primarily services the oil and gas industry.

7. The Debtor continues to manage and operate its business as a Debtor-in-Possession pursuant to § 1184 of the Bankruptcy Code.

## RELIEF REQUESTED

8. The Debtor is requesting to borrow $100,000 ("**DIP Commitment**") from Joshua A. Adler ("**DIP Lender**" or "**Adler**"), the Debtor's CEO, founder and owner. The proposed financing of $100,000 would be available to cover any cash flow shortfalls that may occur, as well as be available to pay any allowed administrative expenses.

9. To allow the Debtor to continue to operate until its plan is confirmed and subject to this Court's approval, the DIP Lender agreed to provide post-petition financing with a promissory note with the following terms ("**Promissory Note**"):

   i. <u>Total Financing</u>: A secured promissory note, not exceeding $100,000.

   ii. <u>DIP Tranches</u>: Provided no default or event of default exists under the loan documents, post-petition advances of up to $100,000 under the DIP Commitment will be available for borrowing in multiple tranches. Rather than prepare a budget,

---

[4] ECF No. 1.

      the Debtor proposes to file a notice of borrowing to the extent an advance occurs. Parties in interest will have 3 days to object to the borrowing. To the extent such an objection occurs, the Debtor will request an emergency hearing before the Court.

iii. <u>Maturity Date</u>: The maturity date is five years from the effective date of any plan confirmed by the Court, conversion to a case under chapter 7, or entry of an order dismissing this bankruptcy case.

iv. <u>Interest Rate</u>: Obligations under the DIP Commitment will initially bear interest at the rate of 12%.

v. <u>Collateral</u>: The Debtor shall grant DIP Lender a lien on all collateral at the same priority as Adler's prepetition lien. For the avoidance of doubt, his lien will not prime either the U.S. Small Business Administration ("**SBA**") or Energy Debt Holdings, LLC ("**EDH**"), and will be junior to those obligations to the extent they are valid and enforceable secured claims.

vi. <u>Priority</u>: The obligations under the DIP Commitment shall at all times (subject to the Carve-Outs[5]) have priority over any and all administrative expenses specified in section 503(b) and 507(b) of the Bankruptcy Code; and be secured by perfected liens on the Debtors' assets (in the priority as described above) pursuant to section 364(d)(1).

vii. <u>Superpriority Administrative Claim</u>: The Debtor will grant DIP Lender a superpriority administrative expense claims pursuant to Bankruptcy Code section 364(c)(1) against the Debtor's estate with priority over any and all administrative expenses of any kind, only subordinate to the Carve-Outs.

---

[5] Hereinafter defined.

  viii. <u>Modification of Automatic Stay</u>: Subject to notices of termination, modifying the automatic stay imposed by section 362 of the Bankruptcy Code should be modified to the extent necessary to implement this DIP Commitment.

  ix. <u>Order immediately effective</u>: The Debtor will request the Court waive the Bankruptcy Rule 6004 stay or any other applicable stay and provide for the immediate effectiveness of the order.

  x. <u>Carve Outs</u>: The following may be paid from DIP Lender's collateral: (i) any fees to be paid to the Clerk of the Court; (ii) all unpaid fees and expenses incurred by persons or firms retained by the Debtor; and (iii) all allowed fees and expenses of the subchapter V trustee (any of which, or all, are "**Carve-Outs**").

10. It is critical to the operation of the Debtor's business, and to its reorganization efforts that the estate be permitted to continue to fund its expenses as necessary. The current funds will be used to pay for the Debtor's operational expenses, legal expenses, and other administrative expenses.

11. The Debtor is proposing to grant DIP Lender a lien at the same priority level as his pre-petition indebtedness. Section 364(d)(1) provides that the Court may authorize obtaining secured credit only if the Debtor is unable to obtain such credit otherwise and there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted. The Debtor has been unable to find financing. Additionally, the Dip Commitment will not prime any other valid secured claim.

## ARGUMENT

12. Post-petition financing under the terms set forth in the DIP Commitment and Order is consistent with the Debtor's reasonable business judgment. Courts grant considerable deference

to a debtor-in-possession's business judgment, so long as the agreement to obtain such credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code.[6]

13. Only DIP Lender has expressed interest in providing post-petition financing on an Emergency basis. Further, under the circumstances of this case, including the absence of material revenue, the Debtor, in consultation with his professionals, does not believe that financing on better terms is available. Neither EDH nor the SBA have expressed an interest in providing financing. Under the circumstances of this case, the Debtor, in consultation with his professionals, believe that the terms of the proposed loan are reasonable, fair, and in the best interest of the Debtor and the Debtor's estate.

## REQUEST FOR WAIVER OF RULE 6004

14. To implement the loan successfully, the Debtor seeks a waiver of the notice requirements under Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Rules 6004(h), 7062, 9014, or otherwise for all of the reasons described above.

## EMERGENCY RELIEF

15. Emergency relief is requested because the cash collateral hearing is scheduled for April 20, 2023 and the interim cash collateral budget is only through April 15, 2023. Outstanding expenses need to be paid.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order substantially in the form of the attached proposed Order, authorizing the Debtor to borrow funds

---

[6] *In re L.A. Dodgers LLC*, 457 B.R. 308 at 313 ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender.").

pursuant to the terms of the Promissory Note and proposed Order, and granting the Debtor such other and further relief as this Court may deem just and proper.

Dated: April 15, 2023

        **CHAMBERLAIN, HRDLICKA, WHITE,**
            **WILLIAMS & AUGHTRY, P.C.**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Proposed Counsel for Debtor*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 15, 2023, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and on the creditor matrix, which includes the twenty largest unsecured creditors via first-class, postage pre-paid United States mail.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## BLR 9013-1(i) CERTIFICATE

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing document with respect to the need for Emergency relief is true and correct to the best of my knowledge.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## CERTIFICATE OF ACCURACY

I certify that the facts and circumstances described in the above pleading giving rise to the Emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jarrod B. Martin*
Jarrod B. Martin