IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-30960 (jpn)** |
| **Sourcewater, Inc. *dba* Sourcenergy,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | **Subchapter V** |

**PLAN SUPPLEMENT IN CONNECTION WITH THE DEBTOR'S PLAN OF REORGANIZATION PURSUANT TO § 1190 OF THE BANKRUPTCY CODE**

1. On March 3, 2023, the Debtor[1] commenced a voluntary case under Chapter 11, Subchapter V of the Bankruptcy Code in the in the United States Bankruptcy Court for the Southern District of Texas ("**Bankruptcy Court**").

2. On June 15, 2023, the Debtor filed its Plan.[2] In accordance with the Plan, the Debtor hereby files certain exhibits to the plan supplement (as may be modified, amended, or supplemented, "**Plan Supplement**").

| | |
|---|---|
| **Exhibit A** | Terms of Exit Facility |
| **Exhibit B** | Schedule of Rejected Contracts |
| **Exhibit C** | Schedule of Retained Causes of Action |
| **Exhibit D** | Bankruptcy Code Section 1129(a)(5) Disclosures |
| **Exhibit E** | Litigation Intellectual Property Counsel |

3. As defined in the Plan, the Plan Supplement means the supplemental documents, schedules, and exhibits to the Plan to be Filed by the Debtor containing substantially final forms

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Plan.
[2] ECF No. 94.

of, among other things, a schedule containing a non-exhaustive list of the potential Causes of Action of the Debtor to be preserved for the Reorganized Debtor, the identity of IP Counsel if such counsel is retained with sufficient time prior to the Confirmation Hearing to make such disclosure feasible, a schedule of executory contracts and unexpired leases the Debtor is rejecting under the Plan pursuant to § 365(a) of the Bankruptcy Code, and a schedule of the persons who will serve as officers and directors of the Reorganized Debtor. The Debtor shall have the right to amend all of the documents contained in, and exhibits to, the Plan Supplement through the Effective Date.

4. The documents contained in the Plan Supplement are integral to, and are considered part of, the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is confirmed, the documents contained in this Plan Supplement will be approved by the Court pursuant to the Confirmation Order.

5. The Plan Supplement documents attached hereto remain subject to (i) further review, negotiations, and modifications, and (ii) final documentation in a manner consistent with the Plan. The Debtor reserves all rights to amend, modify, or supplement the Plan Supplement, and any of the documents contained therein, in accordance with the terms of the Plan.

6. If material amendments or modifications are made to any of these documents, the Debtor will file a redline with the Court marked to reflect the same.

7. A hearing to consider confirmation of the Plan is currently scheduled to begin on **August 1, 2023 at 9:30 a.m. (Central Time)** before the Court ("**Confirmation Hearing**").

Case 23-30960 Document 131-14 Filed in TXSB on 07/25/23 Page 3 of 17

8. Copies of the exhibits contained in this Plan Supplement, and all documents filed in this chapter 11 case, including the Plan, are available from the Court's website at https://ecf.txsb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: July 25, 2023

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/Michael K. Riordan*
Jarrod B. Martin
Texas Bar No. 24070221
Michael K. Riordan
Texas Bar No. 24070502
1200 Smith Street, Suite 1400
Houston, TX 77002
T: 713.658.1818
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
michael.riordan@chamberlainlaw.com

***Counsel for the Debtor***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 25, 2023, a true and correct copy of the foregoing Supplement was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and via First-Class, postage pre-paid United States mail on all parties on the attached Creditor Matrix, including the Top-Twenty Unsecured Creditors.

*/s/ Michael K. Riordan*
Michael K. Riordan

# Exhibit A

**Terms of the Exit Facility**

On the Effective Date of the Plan, through the Exit Facility, Joshua Adler will make available to the Reorganized Debtor the funds needed to make the payments described in Article V(B) of the Plan if and to the extent that the Debtor cannot make such payments from available cash. The Exit Facility will be a continuation of the DIP Loan and the Exit Financing shall be repaid in the same manner as the DIP Loan. However, the Reorganized Debtor shall not be required to file a notice of borrowing with the Court to the extent the Reorganized Debtor makes a draw on the Exit Facility.

The final order approving the DIP Loan is available at ECF No. 77 and a copy of the Secured Promissory Note between the Debtor and Joshua Adler in connection with the DIP Loan is available at ECF No. 39-1.

**The Debtor reserves all rights to amend, revise, or supplement this Exhibit A to the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.**

# Exhibit B

## Schedule of Rejected Contracts

**Rejected Contracts:** None.

**The Debtor reserves all rights to amend, revise, or supplement this <u>Exhibit B</u> to the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.**

# Exhibit C

**Schedule of Retained Causes of Action**

In accordance with and as provided by section 1123(b) of the Bankruptcy Code, Article V(J) of the Plan, any and all Causes of Action of the Debtor (collectively, "**Retained Causes of Action**"), whether arising before or after the Petition Date, including, but not limited to, any actions specifically enumerated herein, and such rights to commence, pursue, prosecute, and/or settle such Causes of Action (including, without limitation, any avoidance action, preference, or other claim pursuant to § 362 or chapter 5 of the Bankruptcy Code) shall be preserved notwithstanding the occurrence of the Effective Date. The Reorganized Debtor shall retain and may enforce all rights to commence, pursue, prosecute, and/or settle, as appropriate, each of the Retained Causes of Action.

As provided by Article V(J) of the Plan and other applicable provisions of the Plan, the Reorganized Debtor shall have, retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff or recoupment, and other legal or equitable defenses as fully as if the Bankruptcy Case had not been commenced.

Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled under the Plan or pursuant to a Bankruptcy Court order in these Chapter 11 Cases, the Reorganized Debtor expressly reserves all Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of confirmation or consummation of the Plan.

**No Entity may rely on the absence of a specific reference in the Confirmation Order, the Plan, or the Plan Supplement to any Cause of Action against it as any indication that the Reorganized Debtor will not pursue any and all available Causes of Action against it. The Reorganized Debtor expressly reserves all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan**.

In accordance with § 1123(b)(3) of the Bankruptcy Code and Article V(J) of the Plan, except as otherwise provided in the Plan, herein, or in the Confirmation Order, any Causes of Action that a Debtor may hold against any Entity shall vest in the applicable Reorganized Debtor. The applicable Reorganized Debtor, through its authorized agents or representatives, shall retain and may exclusively enforce any and all such Causes of Action. The Reorganized Debtor shall have the exclusive right, authority, and discretion to determine, initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, and to decline to do any of the foregoing without the consent or approval of any third party or further notice to, or action, order, or approval of, the Bankruptcy Court.

Notwithstanding and without limiting the generality of Article V(J) of the Plan, unless otherwise released by the Plan or prior order of the Court, any and all claims and Causes of Action including, but not limited to, the following, are expressly reserved by the Reorganized Debtor:

- claims related to insurance contracts and insurance policies to which the Reorganized Debtor is a party or pursuant to which the Reorganized Debtor has any rights whatsoever, including but not limited to, indemnity, contribution, reimbursement, overpayment of premiums and fees;
- claims related to tax obligations and refunds;
- claims, defenses, cross-claims, indemnification, third-party claims, and counterclaims related to litigation and possible litigation, whether based in tort, contract, equity, or otherwise, including any personal injury claims and wrongful death actions, as well as all claims against or related to all entities that are party to or that may in the future become party to arbitration, or any other type of adversarial dispute resolution proceeding, whether formal or informal, or judicial or non-judicial;
- claims related to contracts and leases against vendors, suppliers of goods or services, or any other parties;
- claims related to accounts receivable and accounts payable;
- claims related to postings of a security deposit, adequate assurance payment, or any other type of deposit, prepayment, or collateral regardless of whether such posting of a security deposit, adequate assurance payment, or any other type of deposit, prepayment, or collateral is specifically identified herein;
- claims related to current or former employee matters;
- related party claims;
- claims, defenses, appeals, cross-claims, and counterclaims related to any claims or actions asserted by any Governmental Unit,
- claims related to vendor obligations;
- claims related to current or former employee matters;
- claims related to avoidance actions, preferences, or other claims pursuant to chapter 5 of the Bankruptcy Code; and
- all other Causes of Action.

Notwithstanding and without limiting the generality of Article V(J) of the Plan and the foregoing, the Reorganized Debtor expressly reserves its rights with respect to all Causes of Action that are not expressly released under the Plan, including all Causes of Action that have been or could be asserted in or in connection with the potential causes of action described in Part 10 of the Debtor's Schedule A|B in response to Question 75[1] and all Causes of Action that have been or could be asserted against former employee of the Debtor Ian Killough.

**The Debtor reserves all rights to amend, revise, or supplement this <u>Exhibit C</u> to the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.**

[1] *See* ECF No. 36, p. 16. For the avoidance of confusion, these potential Causes of Action are identified on PDF page 16 of ECF. No. 36, but on page 8 of Schedule A/B itself.

# Exhibit D

**Disclosures Under § 1129(a)(5)**

In accordance with Article IV(C) of the Plan, Joshua Adler is the Debtor's Chief Executive Officer and sole member of the Board of Directors of the Debtor. Under this Plan, Mr. Adler will continue in these roles for the Debtor and the Reorganized Debtor after entry of the Confirmation Order and after the Plan Effective Date. Mr. Adler's compensation for his role with the Reorganized Debtor will be consistent with his historical compensation from the Debtor.

To the extent known, the Debtor will disclose in advance of the Confirmation Hearing the identity and affiliations of any other person proposed to become an officer of the Reorganized Debtor or to serve on the board of directors of the Reorganized Debtor.

**The Debtor reserves all rights to amend, revise, or supplement this Exhibit D to the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.**

# Exhibit E

## IP Litigation Counsel

As discussed in Article V.F., the Debtor is in discussions with certain law firms regarding the terms of their potential retention to represent the Reorganized Debtor in connection with the IP Claims. These discussions are ongoing and the Debtor will update this Exhibit E in an Amended Plan Supplement in the event the Debtor formally engages any law firm to represent the Reorganized Debtor in this role.

**The Debtor reserves all rights to amend, revise, or supplement this Exhibit E to the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.**

Label Matrix for local noticing
0541-4
Case 23-30960
Southern District of Texas
Houston
Tue Jun 6 11:24:51 CDT 2023

Chamberlain, Hrdlicka, White, Williams & Aug
c/o Jarrod B. Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4496

Energy Debt Holdings LLC
Attn: Kristen Blake
PO Box 249
Oklahoma City, OK 73101-0249

Harris County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, Tx 77253-3064

Ponderosa Advisors, LLC dba B3 Insight
c/o Dickinson Wright
c/o Dickinson Wright PLLC
1850 N Central Ave, Ste 1400
Phoenix, AZ 85004-4568

Sourcewater, Inc.
1801 Main Street, Suite 1300
Houston, TX 77002-8121

Texas Comptroller of Public Accounts, Revenu
John Mark Stern
c/o Sherri K. Simpson, Paralegal
P.O. Box 12548
Austin, TX 78711-2548

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

ADAPTIVE
4446 CEDAR LAKE ROAD
MINNEAPOLIS, MN 55416-3741

AIRCALL
233 PARK AVENUE S.
NEW YORK, NY 10003-1606

AMEGY BANK
BANKCARD CENTER
PO BOX 25787
SALT LAKE CITY, UT 84125-0787

AMY STEWART LAW
5307 EAST MOCKINGBIRD LANE
SUITE 425
DALLAS, TX 75206-5486

ANN HARRIS BENNETT
PO BOX 3547
HOUSTON, TX 77253-3547

AZA - AHMAD, ZAVITSANOS, ANAIPAKOS
1221 MCKINNEY
SUITE 2500
HOUSTON, TX 77010-2021

BONAFIDE
5318 WESLAYAN STREET
SUITE 128
HOUSTON, TX 77005-1048

BTG LLC
210 PARK AVENUE
SUITE 1350
OKLAHOMA CITY, OK 73102-5631

BUSINESS WIRE, INC.
DEPARTMENT 34182
PO BOX 39000
SAN FRANCISCO, CA 94139-0001

CASEE LEMON
C/O ZACH WOLFE
ZACH WOLFE LAW FIRM
50 BRIAR HOLLOW LANE, SUITE 370 WEST
HOUSTON, TX 77027-9300

CHURNZERO, INC.
4114 BLACKTHORN STREET
CHEVY CHASE, MD 20815-5054

CROWE LLP
PO BOX 71570
CHICAGO, IL 60694-1570

CROWN OIL PARTNERS LP
PO BOX
MIDLAND, TX 79710

(p)CUEBIQ INC
1460 BROADWAY
NEW YORK NY 10036-7329

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX 78711-2548

Crowe LLP
320 E. Jefferson Blvd., PO Box 7
South Bend, IN 46624
713-353-1937
john.youens@crowe.com 46624-0007

DONALD PATRICK ARTHUR YARBOROUGH
FOSTER YARBOROUGH PLLC
917 FRANKLIN STREET, SUITE 220
HOUSTON, TX 77002-1741

DUNLAP CODDING
609 W. SHERIDAN AVENUE
OKLAHOMA CITY, OK 73102-2409

DW HOUSE LLC
2429 BISSONNET STREET
#497
HOUSTON, TX 77005-1451

EISNER ADVISORY GROUP
733 THIRD AVENUE
NEW YORK, NY 10017-3242

ENERGY DEBT HOLDINGS, LLC
PO BOX 249
OKLAHOMA CITY, OK 73101-0249

ENHANCED MIDSTREAM LLC
777 MAIN STREET
SUITE 2800
FORT WORTH, TX 76102-5363

EXPERFY, INC.
1700 WEST PARK DRIVE
SUITE 190
WESTBOROUGH, MA 01581-3915

FLASH DATA LLC
2450 LOUISIANA STREET
400-160
HOUSTON, TX 77006-2380

FREEMAN COMPANY
PO BOX 734596
DALLAS, TX 75373-4596

GISH PLLC
41 MADISON AVENUE
FLOOR 31
NEW YORK, NY 10010-2345

HARRIS COUNTY, ET AL.
PO BOX 3547
HOUSTON, TX 77253-3547

HUBSPOT
25 1ST STREET
CAMBRIDGE, MA 02141-1814

Harris County, et al
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

JEFFREY H. KASS
LEWIS BRISBOIS ET AL
1700 LINCOLN, SUITE 4000
DENVER, CO 80203-4540

JOHN K. HOSKINSON
888 17TH STREET NW
SUITE 210
WASHINGTON, DC 20006-3313

JOSEPH Y. AHMAD
AHMAD ZAVITSANOS & MENSIGN, PLLC
1221 MCKINNEY STREET, SUITE 2 50
HOUSTON, TX 77010-2011

JOSHUA A. ADLER
16 ROBIN ROAD
RYE, NH 03870-2838

MEDLER FERRO WOODHOUSE & MILLS PLC
8201 GREENSBORO DRIVE
SUITE 1060
MC LEAN, VA 22102-3846

MINERALS & ROYALTY AUTHORITY
2602 COPPERLEAF COURT
KATY, TX 77494-5191

Mass. Dept. of Revenue Bankruptcy Unit
PO Box 7090
Boston, MA 02204-7090

ODETTA, INC.
4023 KENNETT PIKE
#50380
WILMINGTON, DE 19807-2018

OUTLOGIC LLC
6525 THE CORNERS PARKWAY NW
SUITE 400
NORCROSS, GA 30092-3352

PIPER SANDLER & CO
609 MAIN STREET
SUITE 3800
HOUSTON, TX 77002-3271

PONDEROSA ADVISORS, LLC DBA B3 INSIGHT
C/O DONALD E. LAKE, III
LEWIS BRISBOIS ET AL
1700 LINCOLN STREET, SUITE 4000
DENVER, CO 80203-4540

Ponderosa Advisors, LLC d/b/a B3 Insight
c/o Dickinson Wright PLLC
Attn: Doron Yitzchaki
350 S. Main Street, Suite 300
Ann Arbor, MI 48104-2131

(p)QIPWORKS INC
101 ARCH STREET
FL 8
BOSTON MA 02110-7500

SCALEVIEW
701 BRAZOS STREET
#530
AUSTIN, TX 78701-3258

SILICA SERVICES
4440 STATE HWY 121
SUITE 142
THE COLONY, TX 75056-5134

SKIP MCBRIDE
807 OLD LAKE ROAD
HOUSTON, TX 77057-1103

SMALL BUSINESS ADMINISTRATION
14925 KINGSPORT ROAD
FORT WORTH, TX 76155-2243

SMALL BUSINESS ADMINISTRATION
409 THIRD STREET SW
WASHINGTON, DC 20024-3212

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

TONY ANNUNZIATO
403 W. COWAN DRIVE
HOUSTON, TX 77007-5034

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

VECTOR ENERGY PARTNERS
777 MAIN STREET
SUITE 3600
FORT WORTH, TX 76102-5341

VELOTIO TECHNOLOGIES PRIVATE LIMITED
3RD FLOOR, AG TRADE CENTER, RAM MAGAR, B
PUNE, MAHARASTRA 411021, INDIA

VERASET LLC
2810 N CHURCH STREET
#38188
WILMINGTON, DE 19802-4447

WILLIAM CRUM HOLDINGS LLC
PO BOX 50820
MIDLAND, TX 79710-0820

Jarrod B. Martin
Chamberlain, Hrdlicka, White, Williams &
1200 Smith Street
Suite 1400
Houston, TX 77002-4496

Michael Kevin Riordan
Chamberlain, Hrdlicka, White, Williams &
1200 Smith Street
Suite 1400
Houston, TX 77002-4496

Thomas A Howley
Howley Law PLLC
711 Louisiana Street, Ste. 1850
Houston, TX 77002-2790

c/o David E. Bott KenWood & Associates, P.C
14090 Southwest Freeway
Suite 200
Sugar Land, TX 77478-3678

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CUEBIQ INC.
1460 BROADWAY
SUITE 15006
NEW YORK, NY 10036

QIPWORKS, INC.
101 ARCH STREET
8TH FLOOR
BOSTON, MA 02110
SCALEVIEW
701 BRAZOS STREET

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
PO BOX 13528
CAPITAL STATION
AUSTIN, TX 78711-3528

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)SBA

End of Label Matrix
Mailable recipients 65
Bypassed recipients 1
Total 66