# Exhibit A

# SECURED PROMISSORY NOTE

$100,000.00                                                                                                      April [__], 2023

This Secured Promissory Note (as amended, restated, supplemented and/or otherwise modified from time to time, this "Note") is issued by **Sourcewater, Inc. d/b/a Sourcenergy, Inc.**, a Delaware corporation ("Debtor"), in favor of **Joshua A. Adler**, a resident of the State of New Hampshire (including successors and assigns, the "Lender"), in connection with, and as contemplated by, a Final Order Authorizing Use of Cash Collateral (as amended, restated, supplemented and/or otherwise modified from time to time, the "Order"), entered [on or about the date hereof] in Debtor's Chapter 11, Subchapter V, bankruptcy proceeding in Case No. 23-30960 (the "Chapter 11 Case") currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

In consideration of the Lender's advance to Debtor of up to an aggregate of $100,000.00 in immediately available funds, made available by the Lender in accordance with the terms of the Order upon Debtor's written request (each amount loaned hereunder, an "Advance"), Debtor hereby promises to pay to the Lender on the Maturity Date the principal sum of all Advances made by the Lender to Debtor, which shall be no more than **One Hundred Thousand Dollars and No/100 ($100,000.00)** in the aggregate, *plus* accrued and unpaid interest thereon at the per annum rate of twelve percent (12%) (computed on the basis of a 360-day year and the actual number of days elapsed) (the "Interest Rate") commencing for each Advance on the date of the payment of such Advance by the Lender to Debtor; *provided*, *however*, that the Interest Rate shall increase to fifteen percent (15%) per annum for each Advance upon the occurrence of an Event of Default (as defined below) (the "Default Rate"). Debtor shall file a notice of borrowing with the Bankruptcy Court to the extent an Advance occurs.

As used herein, "Maturity Date" means the earliest of (a) five (5) years from the effective date of a bankruptcy plan in the Chapter 11 Case (which date may be extended by Debtor, by written notice to the Lender in advance of such scheduled Maturity Date for up to two (2) periods of three (3) months each); (b) the date of the entry of an order converting the Chapter 11 Case into a proceeding under Chapter 7 of Title 11 of the United States Code; (c) the date of any sale of all or substantially all of Debtor's assets; or (d) the date of occurrence of an Event of Default.

Payments of principal and interest under this Note are to be made to such place as the holder hereof shall designate to Debtor in writing, in lawful money of the United States of America and in immediately available funds.

The proceeds of this Note shall be used in a manner that is in accordance with the Order.

This Note is subject to optional prepayment, in whole or from time to time in part, without premium or penalty. The amount of any Advances due hereunder which are paid in full (including interest) to the Lender by Debtor prior to the Maturity Date may be re-borrowed by Debtor hereunder prior to the Maturity Date in accordance with the terms of the Order and this Note.

This Note is secured by that certain DIP Security Agreement, dated of even date herewith, by and between Debtor and the Lender (as amended, restated, supplemented and/or otherwise modified from time to time, the "DIP Security Agreement"). Debtor and the Lender are already parties to that certain Security Agreement, dated as of December 10, 2020 (as amended, restated, supplemented and/or otherwise modified from time to time, the "Existing Security Agreement"). The Lender and Debtor agree that the security interests granted in all of the assets and property of Debtor pursuant to the DIP Security Agreement shall be consistent with the Order, have the same priority as the Lender's prepetition lien and is granted on substantially the same terms as the Lender's existing security interests in the Collateral (as defined in the

Existing Security Agreement) as set forth in the Existing Security Agreement. For the avoidance of doubt, nothing herein shall amend, modify, terminate or supplement the Existing Security Agreement or that certain Subordination and Intercreditor Agreement, dated December 22, 2021, by and among Debtor, the Lender and Energy Debt Holdings LLC or grant the Lender any additional liens, mortgages or security interests in the assets or property of the chapter 11 bankruptcy estate of Debtor or otherwise prime or accelerate any of the Lender's existing liens, mortgages or security interests in the Collateral.

"Event of Default" means the occurrence of any one or more of the following: (a) the failure to make any payment of principal of, or interest on, or fees owing in respect of the Advances when due; (b) any disbursement by the Debtor not authorized in the Order or any other order of the Bankruptcy Court unless the Lender has agreed to such disbursement in writing in each instance; (c) the failure of the Bankruptcy Court to enter a final order confirming a bankruptcy plan in the Chapter 11 Case (i.e., under Subchapter V) before September 15, 2023, which date may be extended by agreement; (d) the entry of an order converting the Chapter 11 Case into a proceeding under Chapter 11 of Title 11 of the United States Code other than under Subchapter V thereof; (e) the entry of an order converting the Chapter 11 Case into a proceeding under Chapter 7 of Title 11 of the United States Code; (f) the sale of all or substantially all of Debtor's assets without the Lender's prior written consent; or (g) any default (other than any default contemplated by any of the foregoing clauses (a) through (f)) shall occur under this Note, the DIP Security Agreement and/or the Order and such default shall continue for fifteen (15) days following the Debtor's receipt of written notice thereof from the Lender.

If any Event of Default shall occur, then (a) the unpaid principal balance of this Note (including all Advances to date) and all accrued and unpaid interest on such principal shall, at the option of the Lender upon demand, mature and become immediately due and payable (with interest on the Note to accrue at the Default Rate from and after the occurrence of such Event of Default); (b) the Lender may decline to make any further Advance pursuant to this Note (it being understood, for the avoidance of doubt, that the Lender declining to make any further Advance shall not impair the Lender's security interests in the collateral securing this Note and/or any administrative claims of the Lender with respect to this Note); and (c) the Lender shall have the rights and remedies contemplated by the DIP Security Agreement. The Lender's receipt of any payment after the occurrence of an Event of Default shall not constitute a waiver of such default or of any of the Lender's rights and remedies.

Debtor and any and all endorsers, guarantors and sureties severally waive demand, presentment for payment, notice of dishonor or default, notice of intent to accelerate, notice of acceleration, protest and diligence in collecting.

This Note shall inure to the benefit of, and be binding upon, the respective successors and assigns of Debtor and the Lender; *provided*, *however*, that Debtor may not assign or otherwise transfer any of its rights or obligations hereunder without the Lender's prior written consent, and any such assignment or transfer without such consent shall be null and void.

Under no circumstances or event whatsoever shall the aggregate of all amounts deemed interest hereunder and charged or collected pursuant to the terms of this Note exceed the highest rate permissible under any law which a court of competent jurisdiction shall, in a final determination, deem applicable hereto. In the event that such court determined that the Lender has charged or received interest hereunder in excess of the highest applicable rate, the Lender shall refund such excess interest to Debtor and such rate shall automatically be reduced to the maximum rate permitted by such law.

In the event of any conflict between this Note and/or the DIP Security Agreement, on the one hand, and any order of the Bankruptcy Court or Title 11 of the United States Code, as amended (the "Bankruptcy Code"), on the other hand, such order or the Bankruptcy Code, as the case may be, shall govern.

**THIS NOTE IS INTENDED TO BE PERFORMED IN THE STATE OF TEXAS AND SHALL BE CONSTRUED, GOVERNED BY AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAW OF SUCH STATE.** The Lender and Debtor hereby irrevocably submit to the jurisdiction of the Bankruptcy Court in any action or proceeding arising out of or relating to this Note or the DIP Security Agreement, and hereby irrevocably waive any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been brought in an inconvenient forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgement or in any other manner provided by law.

**THE LENDER AND DEBTOR HEREBY (I) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY A JURY, AND (II) WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH THE LENDER, THE DEBTOR MAY BE PARTIES ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS NOTE OR THE DIP SECURITY AGREEMENT. IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS. THIS WAIVER OF JURY TRIAL IS SEPARATELY GIVEN, KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY THE LENDER AND DEBTOR AND THEY HEREBY AGREE THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF JURY TRIAL OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT.**

**SOURCEWATER, INC. d/b/a SOURCENERGY, INC.**

By: _____
     Joshua A. Adler
     Chief Executive Officer

Acknowledged and agreed as of the date first set forth above:

_____
**JOSHUA A. ADLER**

30691015.6