Case 23-30960 Document 136 Filed in TXSB on 05/01/23 Page 1 of 10

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
May 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-30960 (jpn) |
| **Sourcewater, Inc.** *dba* **Sourcenergy,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | **Subchapter V** |

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

*(Related to ECF No. 7)*

Before the Court is Debtor's Motion[1] and after considering Debtor's Motion pursuant to §§ 105(a) and 331 of the Bankruptcy Code, requesting entry of an order authorizing the use of cash collateral. The Court finds that (i) it has jurisdiction to consider the Motion and the relief requested therein (ii) venue is proper before this Court; (iii) due and proper notice of the Motion was provided and no other or further notice need by provided; (iv) emergency relief is appropriate; and (v) relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and having reviewed the Motion, heard the statements and considered the evidence offered in support of the relief requested there, the Court determines that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Accordingly,

**IT IS FOUND AND ORDERED** that:

1. *Jurisdiction and venue*: This Court has core jurisdiction over the Bankruptcy Case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for

---

[1] All defined terms utilized herein shall have the same meaning ascribed to them in the Motion filed at ECF No. 7 unless defined here.

the Southern District of Texas, dated May 24, 2012. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). The Court may enter a final order consistent with Article III of the United States Constitution. Venue for the Bankruptcy Case and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the requested relief are sections 105, 361, 362, 363(c), 363(e), 363(m), and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Bankruptcy Local Rules 2002-1, 4001-1(b), 4002-1(i), and 9013-1.

2. *Relief Necessary to Avoid Immediate and Irreparable Harm.* The relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its Estate.

3. *Cash Collateral Parties*. The SBA, EDH, and Adler ("**Cash Collateral Parties**") all claim a security interest in the Debtor's cash collateral.

4. *Stipulations.* In consideration for the relief granted in this Order, the Debtor, Joshua Adler, and EDH stipulate as follows: The Debtor (a) acknowledges, (b) admits, (c) agrees, and (d) stipulates that:

> a. *EDH Loan, Security Agreements & Liens*. EDH and the Debtor are parties to a Senior Secured Credit Note dated December 22, 2021 in the face amount of $500,000 and Security Agreement ("**EDH Loan**"). The present balance of the EDH Loan is $529,152.61, which includes principal and interest. Interest continues to accrue pursuant to this Order. Pursuant to the EDH Loan, the Debtor granted a lien and security interest in, to and against all of the property described in the EDH Loan, including, without limitation, accounts receivable, deposit accounts, general intangibles, intellectual property, and all proceeds and products thereof, including, without limitation, insurance

proceeds and any cash held by the Debtor that constitutes Cash Collateral ("**EDH Prepetition Indebtedness**").

b. *Adler Loan, Security Agreements & Liens*. Adler and the Debtor are parties to a Revolving Credit Note dated December 2, 2020 ("**Adler Loan**"). The total amount advanced under the Revolving Credit Note is $1,089,014.05, including principal and interest. Interest continues to accrue at the contractual rate. In connection with the EDH Loan, EDH and Joshua Adler executed a Subordination and Intercreditor Agreement, which subordinates the Adler Loan to the EDH Loan.

5. <u>Lien Priority Reservation of Rights</u>. The Cash Collateral Parties reserve all rights relating to the priority of their respective liens.

6. In accordance with the terms of the EDH Loan, all amounts payable thereunder are now fully due and payable by Debtor. The Debtor is indebted and liable to EDH for such amounts without defense, counterclaim, or offset of any kind. As of March 17, 2023, the Debtor was indebted and liable to EDH without defense, counterclaim, or offset of any kind in the aggregate principal and interest amount of not less than $529,152.61 under the EDH Loan. The EDH Loan is valid, binding, and subject to applicable bankruptcy law, enforceable against the Debtor and the bankruptcy estate with its terms.

7. *Validity, Perfection, and Priority of the Prepetition Liens*. Pursuant to the EDH Loan, the EDH Prepetition Indebtedness is secured by valid, binding, perfected, enforceable, liens and security interests in, to and against the prepetition collateral. The Debtor will not pursue a challenge or seek to avoid the validity, enforceability, priority, or perfection of the EDH Loan.

8. *Default by Debtor*. The Debtor acknowledges and stipulates that the Debtor is in

default of its debts and obligations under the EDH Loan.

9. *Release*. Without limiting the foregoing, and without prejudice to the rights of any other party (but subject to the limitations described in this Order), the Debtor, on behalf of itself and on behalf of the bankruptcy estate, including any trustee appointed under chapter 7 or 11 of the Bankruptcy Code, releases any claims against EDH under chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law.

10. *Carve-Out*. As used in this Final Order, the "Carve-Out" means the sum of (i) any fees required to be paid to the Clerk of the Court under section 1930(a) of title 28 of the United States Code, if any; (ii) all reasonable fees and expenses incurred by a trustee under section 726(b) (a chapter 7 trustee) of the Bankruptcy Code up to $5,000, if any; (iii) to the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses ("**Allowed Professional Fees**") incurred by persons or firms retained by the Debtor pursuant to section 327, 328, or 363 of the Bankruptcy Code ("**Debtor Professionals**") and the subchapter V trustee ("**Sub V Trustee**" and, together with the Debtor Professionals, "**Professional Persons**").

11. The Cash Collateral Parties have consented to the Debtor's use of cash collateral pursuant to the terms and conditions set forth in this order, including the budget attached to this Order.

12. The Debtor stipulates and the Court finds that EDH has acted in good faith regarding the negotiation of the continued use of cash collateral to fund the administration of the Debtor's estate and continued operation of its business.

13. The Debtor is authorized to use cash collateral in accordance with the provisions in the projected budget ("**Budget**"), attached as **Exhibit A**, on a final basis. The Debtor is

authorized a 10% variance within the Budget (both by line item and with respect to aggregate receipts and aggregate distributions) without further order of this Court. The Budget reflects, among other things, the Debtor's anticipated operating receipts, anticipated operating disbursements, anticipated non-operating disbursements, net operating cash flow and liquidity. The Budget may be modified by filing a Notice of Budget Modification, and shall allow parties in interest three days to object and request an emergency hearing with this Court regarding the Budget modification.

14. The Debtor's acknowledgements, stipulations, and releases set forth in this Order shall be binding on the Debtor, the Debtor's estate, and its respective representatives, successors and assigns in all circumstances. The stipulations contained in this Order shall be binding upon all other parties in interest and all of their respective successors and assigns, including the Subchapter V Trustee, any chapter 7 or any chapter 11 trustee ("**Trustee**"), and any other person or entity acting or seeking to act on behalf of the Debtor's estate in all circumstances and for all purposes, unless (a) a party in interest (including any Trustee or the Subchapter V Trustee), in each case, with requisite standing (in each case to the extent requisite standing is obtained pursuant to an order of this Court entered prior to the end of the Challenge Period (defined below) and subject in all respects to any agreement or applicable law that may limit or affect such entity's right to commence such proceeding), has duly and timely filed an adversary proceeding or contested matter (each, a "**Challenge**") challenging the validity, perfection, enforceability, allowability, priority or extent of the obligations in respect of the EDH Loan or otherwise asserting or prosecuting any avoidance actions or any other claims, counterclaims or causes of action, objections, contests or defenses against EDH in connection with any matter related to the EDH Loan (collectively, "**Claims and Defenses"**) by no later than the earlier of (w) the

commencement of a hearing to consider confirmation of a chapter 11 plan and (x) ninety (90) days after the Petition Date ("**Challenge Period**"), as such applicable date may be extended by this Court for good cause shown pursuant to an application filed by such party in interest and decided by this Court prior to the expiration of the Challenge Period, provided that if the Bankruptcy Case is converted to chapter 7 or a Trustee is appointed or elected prior to the expiration of the Challenge Period, any such estate representative or trustee shall receive the full benefit of any remaining time before expiration of the Challenge Period, which shall be extended for a period of sixty (60) calendar days, and (b) there is entered a final, non-appealable order in favor of the plaintiff in any such timely Challenge.

15. If no Challenge is timely and properly filed prior to the expiration of the Challenge Period or the Court does not rule in favor of the plaintiff in any such proceeding, then without further order of this Court (x) the obligations in respect of the EDH Loan shall constitute allowed claims, not subject to any Claims and Defenses (whether characterized as a counterclaim, setoff, subordination, recharacterization, defense, avoidance, contest, attack, objection, recoupment, reclassification, reduction, disallowance, recovery, disgorgement, attachment, "claim" (as defined by Bankruptcy Code section 101(5)), impairment, subordination (whether equitable, contractual or otherwise), or other challenge of any kind pursuant to the Bankruptcy Code or applicable nonbankruptcy law), for all purposes in the Bankruptcy Case and any subsequent chapter 7 case; (y) the EDH Loan shall not be subject to any other or further Challenge, including, without limitation, any Claims and Defenses, which shall be deemed to be forever waived and barred, and all parties in interest shall be enjoined from seeking to exercise the rights of the Debtor's estate, including any successor (including any estate representative or a Trustee, whether such Trustee is appointed or elected prior to or following the expiration of the Challenge

Period); and (z) the stipulations shall be of full force and effect and forever binding upon the Debtor's Estate and all creditors, interest holders, and other parties in interest, including the Sub V Trustee, in the Bankruptcy Case and any successor cases.

16. *Milestones*. The Debtor shall abide by the following case milestones ("**Milestones**"):

    a. The Debtor shall propose a plan by June 15, 2023, with an effective date of July 22, 2023 (subject to Court availability) (as originally proposed and as subsequently amended or proposed, "**Plan**"). The Plan will contain the following provisions:

        i. If the Plan proposes the sale of the Debtor's intellectual property, including but not limited to the patents listed in the Debtor's Schedule A/B ("**Intellectual Property**"),[2] the sale shall be through public auction conducted no more than 90 days from the effective date of the Plan and shall allow credit bidding.

        ii. If the Plan proposes to pursue litigation related to the Debtor's Intellectual Property, the Plan must provide for the following: (a) the litigation shall be pursued within a reasonable period-of-time as disclosed in the Plan and (b) if litigation is not pursued within a reasonable period of time or is otherwise extinguished in a way that does not pay off EDH in full, EDH shall have the right to pursue its remedies under state law, including but not limited to the foreclose of liens and/or security interests. The Debtor will propose in its Plan a

---

[2] ECF No. 36.

> time by which the first lawsuit will be filed. If EDH disagrees that the proposed timeframe is reasonable and the Debtor and EDH are not able to agree on the reasonableness of the time-period, the dispute will be decided in connection with confirmation of the Plan.
>
> iii. The applicable Milestones and remedies provided for in this Order shall be incorporated in the Plan and continue after the effective date of the Plan.
>
> b. If the Plan proposes to pursue litigation related to the Intellectual Property, the Debtor shall file an application to retain contingency counsel to pursue certain litigation related to the Intellectual Property, or otherwise have a binding agreement for the retention of contingency counsel to pursue such litigation, by no later than August 15, 2023.

17. *Remedies for Failure to Meet Milestones*. Upon the failure of Debtor to meet the Milestones prior to the effective date of a Plan, the Debtor's authority to use cash collateral shall terminate immediately absent agreement of the Cash Collateral Parties or further order of the Court. Upon the Debtor's failure to meet the applicable Milestones after the occurrence of the effective date, the Cash Collateral Parties, shall have the right to pursue their remedies under state law, including but not limited to the foreclose of liens and/or security interests.

18. *Adequate Protection*. As adequate protection for the use of cash collateral, the SBA, EDH and Joshua Adler are each granted replacement liens ("**Replacement Liens**") on all post-petition cash collateral and post-petition acquired property to the same extent and priority they possessed as of the Petition Date pursuant to sections 361, 362, 363(e) and 364(d)(1). As EDH's additional adequate protection, EDH's indebtedness will incur interest at a rate of $5,000

per month, which shall not compound. The Debtor will incorporate this interest payment into its plan, and EDH will not be entitled to any other fees, expenses or interest aside from this interest accrual. The interest will accrue, but will not be due and payable until either: (1) the Debtor's assets are liquidated; or (2) there are sufficient litigation proceeds to pay EDH.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Signed: May 01, 2023

Jeffrey P. Norman
United States Bankruptcy Judge

**Exhibit A**
**BUDGET**

| INCOME | April 18-30 | May 1-17 | May 18-31 |
|---|---|---|---|
|  | Budget | Budget | Budget |
| Opening Cash | 1,361.81 | 9,210.69 | 7,270.58 |
| Cash Receipts | 18,394.95 | 5,927.02 | 10,993.18 |
| Employee Payroll | 3,952.60 | 4,234.15 | 4,234.15 |
| BCBS TX | 2,652.17 | - | 2,652.17 |
| Guardian Healthcare | - | 393.96 |  |
| Contract Services 1099 | - | 222.26 |  |
| Office rent | 30.30 | 30.00 | - |
| Bankcard |  |  |  |
| Quickbooks | 90.61 | - | 90.61 |
| Meals & Travel |  |  |  |
| Utilities (incls phone) | 160.84 | - | 160.84 |
| Bank service charges | 35.00 | - | 25.00 |
|  |  |  |  |
| Accounting | 1,500.00 | - | 1,500.00 |
| Legal |  | 2,000.00 | 6,900.00 |
| Insurance |  | 986.76 |  |
| Online Software | 1,124.55 | - | 1,124.55 |
| Subchapter V Trustee | 1,000.00 | - | 1,000.00 |
|  |  |  |  |
| Total Cash Disbursements | 10,546.07 | 7,867.13 | 17,687.32 |
| Cash on hand after disbursements | 9,210.69 | 7,270.58 | 576.44 |