**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | |
| **SOURCEWATER, INC.** | § § | **Case No. 23-30960** |
| DEBTOR. | § § § | **Chapter 11 (Subchapter V)** |

## DECLARATION OF ROBERT JOSEPH SHANNON

I, Robert Joseph Shannon, declare under penalty of perjury as follows:

1. Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge.

2. The document attached hereto is a true and correct copy of Energy Debt Holding, LLC's First Set of Interrogatories, Requests, for Production and Requests for Admission to the Debtor Regarding First Amended Plan of Reorganization that I served upon counsel for Sourcewater, Inc. on September 13, 2023.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2023.

By: /s/*R. J. Shannon*
Robert Joseph Shannon

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SOURCEWATER, INC.,<br><br>            Debtor. | )<br>)<br>)  Case No. 23-30960 (JPN)<br>)<br>)  Chapter 11, Subchapter V<br>)<br>) |

**ENERGY DEBT HOLDINGS, LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO THE DEBTOR REGARDING FIRST AMENDED PLAN OF REORGANIZATION**

To: Sourcewater, Inc. (the "Debtor") by and through its attorneys Jarrod B. Martin and Michael K. Riordan, Chamberlain, Hrdlicka, White, Williams & Aughtry PC, 1200 Smith Street, Suite 1400, Houston, Texas 77002.

Energy Debt Holdings, ("EDH") serves these interrogatories (the "Interrogatories"), requests for production (the "Requests for Production"), and requests for admission (the "Requests for Admission") on the Debtor pursuant to Fed. R. Civ. P. 33, 34, and 36, made applicable to the contested matter initiated by the proposed *Debtor's First Amended Plan of Reorganization Pursuant to §1190 of the Bankruptcy Code* [ECF No. 159] (the "Amended Plan") by Fed. R. Bankr. P. 9014, 7033, 7034, and 7036. EDH requests that you serve on the undersigned counsel of record your responses in accordance with the definitions and instructions set forth herein and all appliable Federal Rules, Federal Bankruptcy Rules, and Local Bankruptcy Rules via email to Shannon & Lee LLP, 2100 Travis Street, Suite 1525, Houston, Texas 77002, Attn: R. J. Shannon at rshannon@shannonleellp.com. Written responses shall be due on October 13, 2023.

**DEFINITIONS**

The following definitions apply to these Interrogatories, Requests for Production, and Requests for Admission. Unless otherwise defined herein, all word and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. The term "Affiliate" or "Affiliates" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

2. The terms "all," "any," and "each" shall each be construed as encompassing any and all of these terms.

3. The term "Amended Plan" means the *Debtor's First Amended Plan of Reorganization Pursuant to §1190 of the Bankruptcy Code* [ECF No. 159].

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents or responses that might otherwise be construed to be outside of its scope.

5. The term "B3" means Ponderosa Advisors, LLC d/b/a B3 Insight.

6. The term "communication" means the transmittal of information by any means.

7. The term "concerning" shall mean relating to (however remotely), referring to, describing, evidencing, or constituting.

8. The term "Debtor" shall refer to Sourcewater, Inc. and its agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, or any other individual or entity acting or purporting to act on behalf of Sourcewater, Inc.

9. The term "Debtor's Schedule A/B" means pages 9 though 17 (of 49) of the document filed with the U.S. Bankruptcy Court for the Southern District of Texas in Case No. 23-30960 and reflected as docket no. 36 on the docket maintained by the Clerk for such court.

10. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "Enverus" means Enverus, Inc.

12. When referring to a person, the term "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person

13. When referring to documents, the term "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s)

14. The term "including" shall mean "including, but not limited to."

15. The term "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

16. The term "Petition Date" shall mean March 17, 2023.

17. The term "Professional" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

18. The terms "You" and "Your" shall mean and refer to the Debtor.

19. The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

20. Any references to a Person shall be deemed to include such Person's agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, or any other individual or entity acting or purporting to act on behalf of such Person.

21. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

22. Any capitalized term used but not defined in these Interrogatories and Requests have the meaning ascribed to such terms in the Amended Plan.

## INSTRUCTIONS

1. These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules, the Federal Rules, and the Local Rules.

2. When answering the following Interrogatories, you are requested to furnish all information available to you, including information in the possession of your attorneys, investigators, employees, agents, officers, directors, representatives, or any other person or persons acting on your behalf, and not merely such information as is known by you on personal knowledge.

3. If you cannot answer any of the following Interrogatories in full after exercising

due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

4. Wherever the identification of documents is called for in these Interrogatories, in lieu of identification as defined below, you may produce such documents or a clear and legible copy of the same, suitably labeled, at the time you serve you answers to the Interrogatories.

5. Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event you must state the reasons for objection and answer to the extent the Interrogatory is not objectionable.

6. All grounds for an objection to an Interrogatory in whole or in part must be stated with specificity.

7. When an oral communication is required to be identified, with respect to such oral communication:

    a. state by whom and to whom such communication was made;

    b. state who was present when the communication was made;

    c. state the day and time of day it was made;

    d. state the place(s) at which it was made;

    e. state the subject matter and substance thereof; and

    f. identify each document which records or describes such communication.

8. If, in answering the Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

9. Each Request for Production shall be answered separately and fully in writing, unless it is objected to, in which event you shall state the reasons for objection and shall answer to the extent the Request for Production is not objectionable.

10. You are requested to produce all Documents and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, agents, employees, representatives, Affiliates, Professionals, or any other Person or entity acting or purporting to act on Your behalf.

11. If the response to any Request for Production consists, in whole or in part, of an objection on the basis of or including burdensomeness, then provide those documents that can be produced without undue burden. For such documents that are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

12. Any Document or other information that falls within the scope of these Requests for Production that is withheld on the basis of a claim of privilege, work product protection, or any other grounds should be identified in writing by date, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, document type, and topic covered and listed with a statement of the grounds alleged for withholding such document, communication, or other information, including any common interest or joint defense privilege claimed.

13. If Your response to any Interrogatory or Request is any other objection, You must indicate if information is being withheld based on the objection(s), provide all information not covered by the objection, and state the specific basis of the objection.

14. If any Document responsive to these Requests has been destroyed, state when the Document was destroyed, identify the Person who destroyed the Document, and the Person who

directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the Document, identify the Persons who created, sent, received, or reviewed the Document, and state in as much detail as possible the contents of the Document.

15. Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

16. Except where otherwise specified, the Requests for Production seek Documents dated, created, or otherwise obtained through the present. For the avoidance of doubt, these Requests seek Documents created before and after the Petition Date.

17. With respect to the documents referenced in the Request for Admission, the relevant document begins after a coversheet indicating the document as "Exhibit A" through "Exhibit X."

18. By serving these Requests, EDH reserves all rights, do not waive any of its rights, and expressly reserves the right to modify or otherwise to supplement these Requests.

## I.     INTERROGATORIES

INTERROGATORY NO. 1: Identify and describe the patents held by the Debtor that the Debtor contends Enverus is infringing upon or has infringed upon.

INTERROGATORY NO. 2: Identify and describe the commercial offerings of Enverus that the Debtor contends infringe upon patents held by the Debtor.

INTERROGATORY NO. 3: Describe the factual basis for the Debtor's contention that Enverus is regularly infringing upon one or more of the patents held by the Debtor.

INTERROGATORY NO. 4: Identify and describe the particular actions of Enverus that the Debtor contends constitute infringement upon patents held by the Debtor.

INTERROGATORY NO. 5: Describe the factual basis for the Debtor's contention that its claims against Enverus are sufficiently large that, if successful, a Litigation Recovery could pay all Allowed Claims against the Debtor in full.

INTERROGATORY NO. 6: Indicate the amount of lost profits the Debtor contends it has suffered as the result of infringement by Enverus upon patents held by the Debtor, providing an estimate if such amount has not been finally determined.

INTERROGATORY NO. 7: Describe the factual basis for the Debtor's estimation of the amount of lost profits the Debtor contends it has suffered as the result of infringement by Enverus on patents held by the Debtor.

INTERROGATORY NO. 8: Indicate the amount of reasonable royalties for the use of the Debtor's patents upon which the Debtor contends Enverus has infringed, providing an estimate if such amount has not been finally determined.

INTERROGATORY NO. 9: Indicate the estimated costs that will be incurred, whether by the Debtor directly or through contemplated litigation financing, in pursuing a patent infringement action against Enverus to judgment.

INTERROGATORY NO. 10: Identify and describe the patents held by the Debtor that the Debtor contends B3 is infringing upon or has infringed upon.

INTERROGATORY NO. 11: Identify and describe the commercial offerings of B3 that the Debtor contends infringe upon patents held by the Debtor.

INTERROGATORY NO. 12: Describe the factual basis for the Debtor's contention that B3 is regularly infringing upon one or more of the patents held by the Debtor.

INTERROGATORY NO. 13: Identify and describe the particular actions of B3 that the Debtor contends constitute infringement upon patents held by the Debtor.

INTERROGATORY NO. 14: Indicate the amount of lost profits the Debtor contends it has suffered as the result of infringement by B3 upon patents held by the Debtor, providing an estimate if such amount has not been finally determined.

INTERROGATORY NO. 15: Describe the factual basis for the Debtor's estimation of the amount of lost profits the Debtor contends it has suffered as the result of infringement by B3 on patents held by the Debtor.

INTERROGATORY NO. 16: Indicate the amount of reasonable royalties for the use of the Debtor's patents upon which the Debtor contends B3 has infringed, providing an estimate if such amount has not been finally determined.

INTERROGATORY NO. 17: Indicate the costs that will be incurred, whether by the Debtor directly or through contemplated litigation financing, in pursuing a patent infringement action against B3 to judgment, providing an estimate if such amount has not been finally determined.

INTERROGATORY NO. 18: Describe generally the categories of trade secrets (e.g., customer lists, test data, designs and drawings of computer programs, marketing strategies, etc.) that the

Debtor contends B3 is in possession of improperly. For the avoidance of doubt, this interrogatory does not request disclosure of the substance of such trade secrets.

INTERROGATORY NO. 19: If the Debtor contends that B3 improperly obtained trade secrets from the Debtor, describe the actions that the Debtor contends that B3 undertook to acquire such trade secrets.

INTERROGATORY NO. 20: Indicate the damages that the Debtor contends that it suffered as the result of B3's possession or use of the Debtor's trade secrets, providing an estimate if such amount has not been finally determined.

INTERROGATORY NO. 21: Describe the factual basis for the damages that the Debtor contends that it suffered as the result of B3's possession or use of the Debtor's trade secrets and any estimate thereof.

INTERROGATORY NO. 22: Describe any marketing process that the Debtor has engaged in to sell the Debtor as a going concern, indicating (a) any investment banker or broker engaged by the Debtor, (b) the potential purchasers contacted, and (c) any offers or bids received from a potential purchaser.

INTERROGATORY NO. 23: Describe any marketing process that the Debtor has engaged in to sell the Debtor's intellectual property separately from the Debtor as a going concern, indicating (a) any investment banker or broker engaged by the Debtor, (b) the potential purchasers contacted, and (c) any offers or bids received from a potential purchaser.

INTERROGATORY NO. 24: Identify any patents held by the Debtor that are not listed on the Debtor's Schedule A/B filed with the Bankruptcy Court at Dkt. No. 36.

## II.  REQUESTS FOR PRODUCTION

REQUEST NO. 1:  Any document referenced or relied upon in forming your responses to the Interrogatories.

REQUEST NO. 2: Any executed engagement letter, engagement agreement, or other written agreement for the provision of legal services between the Debtor and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

REQUEST NO. 3: Any executed agreement related to litigation financing for the pursuit of claims by the Debtor against Enverus.

REQUEST NO. 4: Documents reflecting any communications between the Debtor and Enverus regarding infringement by Enverus upon patents held by the Debtor.

REQUEST NO. 5:  Documents reflecting or evincing any communications between the Debtor and Enverus regarding potential licensing by Enverus of patents held by the Debtor.

REQUEST NO. 6: Documents reflecting or evincing any communications between the Debtor and Enverus regarding royalty payments from Enverus for the use of patents held by the Debtor.

REQUEST NO. 7: Documents reflecting or evincing any infringement by Enverus on patents held by the Debtor.

REQUEST NO. 8: Documents reflecting or evincing Enverus's commercial offerings that the Debtor contends infringe upon patents held by the Debtor.

REQUEST NO. 9: Documents reflecting or evincing the amount of reasonable royalties for the use of the Debtor's patents upon which the Debtor contends Enverus has infringed.

11

REQUEST NO. 10: Documents reflecting or evincing lost profits suffered by the Debtor as the result of infringement by Enverus on patents held by the Debtor.

REQUEST NO. 11: Documents reflecting any communications between the Debtor and B3 regarding infringement by B3 upon patents held by the Debtor.

REQUEST NO. 12: Documents reflecting or evincing any communications between the Debtor and B3 regarding potential licensing by B3 of patents held by the Debtor.

REQUEST NO. 13: Documents reflecting or evincing any communications between the Debtor and B3 regarding royalty payments from B3 for the use of patents held by the Debtor.

REQUEST NO. 14: Documents reflecting or evincing any infringement by B3 on patents held by the Debtor.

REQUEST NO. 15: Documents reflecting or evincing B3's commercial offerings that the Debtor contends infringe upon patents held by the Debtor.

REQUEST NO. 16: Documents reflecting or evincing the amount of reasonable royalties for the use of the Debtor's patents upon which the Debtor contends B3 has infringed.

REQUEST NO. 17: Documents reflecting or evincing lost profits suffered by the Debtor as the result of infringement by B3 on patents held by the Debtor.

REQUEST NO. 18: Any executed engagement letter, engagement agreement, or other written agreement with the Debtor's former consultant that the Debtor contends B3 subsequently hired.

REQUEST NO. 19: Documents reflecting or evincing B3's possession of trade secrets of the Debtor.

REQUEST NO. 20: Documents reflecting or evincing B3's use of trade secrets of the Debtor.

REQUEST NO. 21: Documents reflecting or evincing B3's acquisition of the trade secrets of the Debtor.

REQUEST NO. 22: Documents reflecting the results of any prepetition or postpetition marketing process related to the sale of the Debtor as a going concern.

REQUEST NO. 23: Documents reflecting the results of any prepetition or postpetition marketing process related to the sale of patents held by the Debtor.

REQUEST NO. 24: To the extent that the Debtor denies that any of the documents that EDH requests that the Debtor admit are true and correct copies of the documents referenced in the below Requests for Admission, a true and correct copy of each such document.

### III.   REQUESTS FOR ADMISSION[1]

REQUEST NO. 1:  Admit that the document accompanying these Requests as Exhibit A is a true and correct copy of the Senior Secured Credit Note made by the Debtor to EDH (the "EDH Note").

REQUEST NO. 2: Admit that the document accompanying these Requests as Exhibit B is a true and correct copy of the Security Agreement among the Debtor and EDH.

REQUEST NO. 3: Admit that the document accompanying these Requests as Exhibit C is a true and correct copy of the Subordination and Intercreditor Agreement among the Debtor, EDH, and Joshua Adler.

---

[1] Copies of the documents referenced in these Requests for Admission are available at: https://www.dropbox.com/scl/fo/q6da81wpxbsstatfpj85f/h?rlkey=6jj9a7c8hq39h5sooin0mbm9m&dl=0

REQUEST NO. 4: Admit that the document accompanying these Requests as <u>Exhibit D</u> is a true and correct copy of the UCC Financing Statement that EDH filed with the Delaware Department of State.

REQUEST NO. 5: Admit that the document accompanying these Requests as <u>Exhibit E</u> is a true and correct copy of the UCC Financing Statement that Joshua Adler filed with the Delaware Department of State.

REQUEST NO. 6: Admit that the document accompanying these Requests as <u>Exhibit F</u> is a true and correct copy of the UCC Financing Statement that the Small Business Administration filed with the Texas Secretary of State.

REQUEST NO. 7: Admit that the document accompanying these Requests as <u>Exhibit G</u> is a true and correct copy of US Patent #10565540 referenced in the Debtor's Schedule A/B.

REQUEST NO. 8: Admit that the document accompanying these Requests as <u>Exhibit H</u> is a true and correct copy of US Patent #11556882 referenced in the Debtor's Schedule A/B.

REQUEST NO. 9: Admit that the document accompanying these Requests as <u>Exhibit I</u> is a true and correct copy of US Patent #10467473 referenced in the Debtor's Schedule A/B

REQUEST NO. 10: Admit that the document accompanying these Requests as <u>Exhibit J</u> is a true and correct copy of US Patent #10726263 referenced in the Debtor's Schedule A/B

REQUEST NO. 11: Admit that the document accompanying these Requests as <u>Exhibit K</u> is a true and correct copy of US Patent #10460169 referenced in the Debtor's Schedule A/B

REQUEST NO. 12: Admit that the document accompanying these Requests as <u>Exhibit L</u> is a true and correct copy of US Patent #10915751 referenced in the Debtor's Schedule A/B

REQUEST NO. 13: Admit that the document accompanying these Requests as <u>Exhibit M</u> is a true and correct copy of US Patent #10339646 referenced in the Debtor's Schedule A/B

REQUEST NO. 14: Admit that the document accompanying these Requests as <u>Exhibit N</u> is a true and correct copy of US Patent #11004192 referenced in the Debtor's Schedule A/B

REQUEST NO. 15: Admit that the document accompanying these Requests as <u>Exhibit O</u> is a true and correct copy of US Patent #11379971 referenced in the Debtor's Schedule A/B

REQUEST NO. 16: Admit that the document accompanying these Requests as <u>Exhibit P</u> is a true and correct copy of US Patent #10460170 referenced in the Debtor's Schedule A/B.

REQUEST NO. 17: Admit that the document accompanying these Requests as <u>Exhibit Q</u> is a true and correct copy of US Patent #10719708 referenced in the Debtor's Schedule A/B.

REQUEST NO. 18: Admit that the document accompanying these Requests as <u>Exhibit R</u> is a true and correct copy of US Patent #10635904 referenced in the Debtor's Schedule A/B.

REQUEST NO. 19: Admit that the document accompanying these Requests as <u>Exhibit S</u> is a true and correct copy of US Patent #11048937 referenced in the Debtor's Schedule A/B.

REQUEST NO. 20: Admit that the document accompanying these Requests as <u>Exhibit T</u> is a true and correct copy of US Patent #10810688 referenced in the Debtor's Schedule A/B.

REQUEST NO. 21: Admit that the document accompanying these Requests as <u>Exhibit U</u> is a true and correct copy of US Patent #10975667 referenced in the Debtor's Schedule A/B.

REQUEST NO. 22: Admit that the document accompanying these Requests as <u>Exhibit V</u> is a true and correct copy of US Patent #11184740 referenced in the Debtor's Schedule A/B.

REQUEST NO. 23: Admit that the document accompanying these Requests as <u>Exhibit W</u> is a true and correct copy of US Patent #11601785 referenced in the Debtor's Schedule A/B.

REQUEST NO. 24: Admit that the document accompanying these Requests as <u>Exhibit X</u> is a true and correct copy of US Patent #11333792 referenced in the Debtor's Schedule A/B.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: September 13, 2023 | **SHANNON & LEE LLP**<br><br>*/s/R. J. Shannon*<br>R.J. Shannon<br>TX Bar No. 24108062<br>2100 Travis Street, STE 1525<br>Houston, TX 77002<br>Email: rshannon@shannonleellp.com<br>Phone: 713-714-5770<br><br>*Counsel to Energy Debt Holdings, LLC* |

## CERTIFICATE OF SERVICE

  I hereby certify that on September 13, 2023, a true and correct copy of the foregoing was served by email on the parties listed below.

Jarrod B. Martin
Michael K. Riordan
Camberlain, Hrdlicka, White,
Williams & Aughtry PC
1200 Smith Street, Suite 1400
Houston, Texas 77002
jarrod.martin@chamberlainlaw.com
michael.riordan@chamberlainlaw.com

                */s/R. J. Shannon*
                R. J. Shannon